UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| J CHRISTOPHER RANDALL | CIVIL ACTION NO. 25-cv-1419 |
| VERSUS | JUDGE VAN HOOK |
| TROY E BAIN ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

J. Christopher Randall ("Plaintiff"), who is self-represented, filed this civil action against multiple defendants based on a claim that he is entitled to ownership of land located in Bossier Parish. Plaintiff later filed an amended complaint that eliminated all defendants except LTP TimberQuest Fund, A Limited Partnership ("LTP"). Before the court is LTP's Motion to Dismiss (Doc. 13) on the grounds that the court lacks subject matter jurisdiction due to a lack of diversity of citizenship. For the reasons that follow, it is recommended that the motion be granted.

### The Complaint

Plaintiff's original complaint was styled as a petitory action based on Louisiana law. The named defendants were LTP, Troy E. Bain, and Katherine C. Bain. Plaintiff later filed an amended complaint (Doc. 7) that named only LTP as the sole defendant. Paragraph five of the amended complaint listed certain companies, a trust, and an individual that Plaintiff alleged are partners in LTP. The clerk of court added the partners to the docket sheet as

defendants, but the court does not read the amended complaint to name any defendant other than LTP.

An amended complaint that eliminates all causes of action against a defendant is the same as a motion to dismiss under Rule 41 as to that defendant. Mann v. City of Bossier, 2024 WL 4277461 (W.D. La. 2024). The amended complaint in this case, which the court reads to name only LTP as a defendant, effectively dismissed the Bains and any other defendants. Only LTP remains as a defendant.

Furthermore, an amended complaint that restates the Plaintiff's claims ordinarily supersedes the original and renders it of no legal effect. Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). Plaintiff's amended complaint completely restated his claims without invoking or incorporating by reference the original complaint, so it has superseded the original complaint, and the amended complaint is the only one at issue when assessing LTP's motion to dismiss. King v. Dogan, 31 F.3d 344 (5th Cir. 1994) (superseded original complaint was irrelevant to dispositive motion contest).

Plaintiff alleged in his amended complaint that he, a citizen of Texas, is a direct heir of John T. Kemp. Mr. Kemp was named in the granting clause of a land patent issued by the United States in 1860. The land is located in what is now Bossier Parish. Plaintiff alleged that he and members of his family in Bossier Parish have been the "victims of land thieves who filed purported deed instruments that were unlawful and void of title that do not link back to the sovereign."

Plaintiff alleged that the patent to John T. Kemp stated that the land was granted unto Kemp "and to his heirs," which Plaintiff apparently interprets to mean that neither

Kemp nor any of his descendants could transfer title to the land to anyone else.  Plaintiff traces his family history to Mr. Kemp and contends that any purported sale or conveyance by Kemp or any of his heirs is null for want of authority or lawful transfer.  Plaintiff asks for a judgment recognizing him as the sole and rightful owner of the land and declaring that the acts through which LTP claims title are null and void.

**Diversity Jurisdiction Requirement**

Plaintiff's amended complaint asserts that the federal court has diversity jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy is greater than $75,000.  LTP contends in its motion to dismiss that it shares Plaintiff's Texas citizenship, which destroys the claim of diversity and requires dismissal without prejudice.  Plaintiff challenges LTP's contention that LTP is a Texas citizen.

LTP submits evidence that it is a Louisiana limited partnership.  When a partnership is a party, the court must consider the citizenship of each partner, whether limited or general.  Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990).  The Carden rule applies to both common law limited partnerships and Louisiana partnerships in commendam.  Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1994); Newport Limited v. Sears, Roebuck and Co., 941 F.2d 302 (5th Cir. 1991).

Whether the partners are individuals, partnerships, LLCs, corporations, trusts, or other form of entity, the citizenship of each partner must be alleged in accordance with the applicable rules, and the citizenship must be traced through however many layers of partners or members there may be.  Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98

(5th Cir. 2009); <u>Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp</u>., 2018 WL 3551525 (W.D. La. 2018).  The relevant time for assessing the citizenship of a party is the date the complaint was filed.  <u>Grupo Dataflux v. Atlas Glob. Grp., L.P.</u>, 124 S. Ct. 1920, 1924 (2004).  Thus, the citizenship of each of LTP's partners on September 22, 2025 is relevant to assessing diversity.

**Burden on Plaintiff**

Federal courts are courts of limited jurisdiction, it is presumed that a cause lies outside that limited jurisdiction, and the burden of establishing that there is jurisdiction rests upon the party asserting jurisdiction.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 114 S. Ct. 1673, 1675 (1994).  "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  <u>Hertz Corp. v. Friend</u>, 130 S.Ct. 1181, 1193 (2010).  Plaintiff is the party who asserts jurisdiction in this case, so the burden is on him to establish complete diversity of citizenship and an amount in controversy greater than $75,000.

In this case, LTP has filed a motion to dismiss that challenges jurisdiction.  A motion to dismiss for lack of subject matter jurisdiction may be either facial or factual.  The motion is factual if the defendant submits affidavits, testimony, or other evidentiary materials.  <u>Chaisson v. United States</u>, 2024 WL 81581, *2 (5th Cir. 2024).  Here, LTP brought a factual attack on Plaintiff's complaint by introducing an affidavit and business records that will be discussed below.  To defeat this factual attack, Plaintiff "must prove the existence of subject-matter jurisdiction by a preponderance of the evidence and is obliged to submit

facts through some evidentiary method to sustain his burden of proof." Chaisson, quoting Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc., 778 F.3d 502, 504 (5th Cir. 2015).

**Analysis**

LTP supports its motion with a declaration from James Mark Morgan that is made in compliance with 28 U.S.C. § 1746. Mr. Morgan explains that he is a manager of LTP Timberquest GP, LLC, which is a general partner of defendant LTP. He testifies that LTP, as of the date Plaintiff filed his complaint and through today, is a Louisiana limited partnership with approximately 30 general and limited partners. As of the date the complaint was filed, one of LTP's partners is Gladstone Timberlands, LLC. As of the filing of the complaint and through today, Gladstone has 14 total members, which Mr. Morgan identifies by their full names. He testifies that three of those members—Mr. Crawford, Mr. Weir, and Ms. Dixon—"reside in Texas and are citizens of Texas."

The Fifth Circuit has explained, since the first decision it ever issued, that citizenship and residency are not synonymous, and it is an individual's domicile rather than a mere residence that establishes his citizenship for purposes of diversity jurisdiction. Therefore, an allegation of residency alone does not satisfy the requirement of an allegation of citizenship. MidCap Media Fin., L.L.C. v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019); Southwestern Telegraph & Telephone Co. v. Robinson, 48 F. 769 (5th Cir. 1891). The Fifth Circuit noted in Robinson, its first decision, that in 1891 it was already "well settled that an averment of residence is not the equivalent of an averment of citizenship in the courts of the United States." Midcap Media makes clear that this is still good law 135 years later.

This is mentioned because Mr. Morgan's declaration states that three individual members of Gladstone "reside in Texas and are citizens of Texas." It is not clear from the affidavit whether LTP believes that being a mere resident of Texas equates to citizenship or whether LTP is attempting to show that the individuals both reside in Texas *and* have their domicile/citizenship in that state. The declaration is ambiguous, but counsel's memorandum (Doc. 13-1, p. 8) and reply memorandum (Doc. 15, p. 3) both represent that the individuals "are domiciled in Texas." The court will accept that as clarification of any ambiguity in the declaration and as affirmative evidence that each of the three individuals is domiciled in Texas and, thus, a citizen of that state. Greater clarity on this point in Mr. Morgan's declaration, plus the articulation of some facts relevant to the domicile of the three individuals[1], would have made a stronger case for LTP.

LTP has presented evidence that indicates there is a lack of complete diversity between Plaintiff and LTP, so Plaintiff has the burden to submit facts through some evidentiary method to show by a preponderance of the evidence that there actually is diversity. Plaintiff has filed a memorandum in opposition (Doc. 16) in which he states that he disputes the accuracy, completeness, and reliability of Mr. Morgan's declaration. He asks for an evidentiary hearing or jurisdictional discovery before the court decides the jurisdictional issue.

---

[1] In assessing an individual's domicile, "[t]he factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996).

Plaintiff's first challenge is that the "declaration repeatedly references 'Merit Partners, L.P.' as a current partner."  He contends that the Texas Secretary of State's records show that this company's name has been inactive since 2005, although there is an active entity operating under a similar name.  The court has reviewed Mr. Morgan's declaration and finds no reference within its text to Merit Partners, L.P.  The declaration is supported by an exhibit, which is the Louisiana Secretary of State's certification of certain LTP partnership filings, one of which is the original partnership registrations form filed in 2010 that listed Merit Partners, LP as among the partners.  It is entirely possible that Merit has changed its name or organizational structure in the approximately 15 years since that filing.  Plaintiff has not articulated how this is relevant to certain members of Gladstone being Texas citizens, and it does not, as he urges, undermine the reliability of Mr. Morgan's declaration.

Plaintiff next argues that at least three Texas entities "listed in the declaration" include addresses that do not match official state filings.  He gives two examples.  Plaintiff contends that these discrepancies raise serious questions as to whether Mr. Morgan has personal knowledge of the ownership structure.  Once again, the schedule of partners (and their addresses) attached to the declaration is from 2010, so any number of address changes may have happened with respect to any of the 29 partners listed on the schedule.  Neither of the two partners named by Plaintiff is Gladstone.

Plaintiff next argues that (1) LTP incorrectly points to Gladstone with respect to diversity when Gladstone is not a named defendant, (2) that Gladstone's Louisiana records indicate that it is a Louisiana company, and (3) Gladstone's Louisiana records indicate that

its members are two individuals who are based in Louisiana.  Each of those arguments misses the mark because, as explained above, LTP's citizenship is based on that of each of its partners.  Gladstone is one of LTP's partners, and as an LLC, Gladstone's citizenship is based on that of each of its members.  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).  LTP has submitted evidence that among Gladstone's members are three individuals who are citizens of Texas, and that Texas citizenship is imputed to LTP.

Plaintiff contends that LTP has offered only conclusory assertions rather than competent evidence, and he argues that he is not required to produce evidence at this stage because he has identified concrete factual disputes and is entitled to present evidence at an evidentiary hearing.  He asks the court to conduct such a hearing or, alternatively, allow limited jurisdictional discovery.

Plaintiff was afforded a reasonable opportunity to present competing evidence as part of the briefing process, but each of his evidence-based contentions is off the mark for the reasons discussed above.  As for jurisdictional discovery, a party is not entitled to it when the record shows that it is not likely to produce the facts needed to withstand a motion to dismiss.  Ultrachem, LLC v. Zarotech S.A. de C.V., 2023 WL 7096463, *4 (W.D. La. 2023).  And "[t]he party seeking jurisdictional discovery must make clear which specific facts he expects discovery to find."  IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist., 82 F.4th 402, 409 (5th Cir. 2023) (internal quotations omitted).

Plaintiff has not made such a showing.  He indicates a desire to present evidence including unspecified secretary of state records, unspecified partnership and operating agreements, and unspecified "testimony from declarants with actual knowledge."  This

does not make a showing of specific facts that Plaintiff could expect to learn in discovery that might reasonably be expected to undermine LTP's evidence that three relevant individuals share Plaintiff's Texas citizenship and, thus, destroy diversity.

**Conclusion**

LTP has made a factual challenge to Plaintiff's assertion that there is a basis for diversity jurisdiction.  Plaintiff has attempted to challenge LTP's evidence, but each of his arguments has been found lacking.  He was afforded a reasonable opportunity to present competing evidence, and he did not make an adequate showing to warrant a live hearing or jurisdictional discovery.  LTP has presented facts that indicate there is not a basis for diversity jurisdiction, and Plaintiff has not met his burden of showing by a preponderance of the evidence to the contrary.  When it is determined that a court lacks original jurisdiction over a civil action that was filed in federal court, the appropriate response is to dismiss the civil action without prejudice.  Mitchell v. Bailey, 982 F.3d 937, 944 (5th Cir. 2020).

Accordingly,

It is recommended that LTP's Motion to Dismiss (Doc. 13) be granted and that this civil action be dismissed without prejudice for lack of subject matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of February, 2026 .

Mark L. Hornsby
U.S. Magistrate Judge